**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**BRUCE J. PAGE, JR. and FRANCES A. PAGES,**

**Appellants,**

**vs.** **3:13-cv-168 (MAD)**

**R.B.S. CITIZENS BANK, N.A., *successor by merger to Charter One Bank*, F.S.B.,**

**Appellee.**

---

**APPEARANCES:** **OF COUNSEL:**

**OFFICE OF CAROL MALZ** **CAROL ANN MALZ, ESQ.**
554 Main Street
P.O. Box 1146
Oneonta, New York 13820
Attorneys for Appellants

**DEILY, MOONEY & GLASTETTER, LLP** **MARTIN A. MOONEY, ESQ.**
8 Thurlow Terrance
Albany, New York 12203-1006
Attorneys for Appellee

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

In an Order to Show Cause filed February 2, 2013, this Court ordered Appellants to submit, within 10 days**,** a written submission to the Court explaining why the instant appeal should not be dismissed as untimely pursuant to Rule 8002 of the Federal Rules of Bankruptcy Procedure. *See* Dkt. No. 4 at 3.

## II. DISCUSSION

A party seeking review of a bankruptcy judge's decision has fourteen days from "the date of the entry of the judgment, order, or decree" to file a notice of appeal to a district court or bankruptcy appellate panel. *See* Fed. R. Bankr. P. 8002(a). The fourteen-day deadline is tolled if one of the specified list of motions is filed in the bankruptcy court. *See* Fed. R. Bank. P. 8002(b). "But once the time to appeal runs, a district court or bankruptcy appellate panel has no jurisdiction to consider an untimely appeal." *In re Coudert Bros. LLP*, 673 F.3d 180, 185 (2d Cir. 2012). "'[T]he time limit contained in Rule 8002(a) is jurisdictional, and . . . in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate "excusable neglect."'" *Id.* (quoting *Siemon v. Emigrant Sav. Bank (In re Siemon)*, 421 F.3d 167, 169 (2d Cir. 2005)).

In the present matter, following a hearing in bankruptcy court, on November 29, 2012, United States Bankruptcy Judge Diane Davis granted Appellee's motion to dismiss, with prejudice, Appellants' adversary proceeding. *See* Dkt. No. 7 at 2; *see also* Bankr. Dkt. No. 27; Dkt. No. 2-2. On the day following Judge Davis' final order, Appellants' counsel wrote a letter to the court and claimed that she "was not served with any proposed Order, and therefore was not given the opportunity to present a counterproposal." *See* Dkt. No 22-1. Appellants' counsel also requested the opportunity to submit an Amended Order to the court. *See id.*

Rule 8002(b) of the Federal Rule of Bankruptcy Procedure states that "if any party makes a timely motion [to amend or make additional findings of fact under Rule 7052 or to alter or amend the judgment under Rule 9023], the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding." This provision only tolls the time for filing an appeal if the specified motion is timely filed. *See* Fed. R. Bankr. P. § 8002(b). Federal Rules of Bankruptcy Procedure 7052 and 9023 both require the motion to be filed "no later than

14 days after entry of judgment," with a judgment referring to either entry of a judgment or an order under Rule 5003(a).

According to the Bankruptcy Rules, Rule 7 of the Federal Rules of Civil Procedure is applicable to a motion submitted to the bankruptcy court. *See* Fed. R. Bankr. P. 7007. This rule requires that the motion: (1) be in writing unless made during a hearing or trial; (2) state with particularity the grounds for seeking the order; and (3) state the relief sought. *See* Fed. R. Civ. P. 7(b)(1). In addition, "the rules governing captions and other matters of form in pleadings apply to motions and other papers." Fed. R. Civ. P. 7(b)(2). Local Bankruptcy Rule 9013-1 requires that motions include the following:

> (1) Identification of Hearing Date, Time, and Location. The date, time, and location of the hearing shall be included in the body of the notice of motion and above the case number in the caption.
>
> (2) Identification of Relief Sought and Statutory Basis. The notice of motion shall set forth, in concise, plain terms, the specific relief sought, the party or parties against whom such relief is sought, and the rule or statute upon which the motion or application is predicated. Failure to provide the basis for relief sought is cause for the Court to deny the relief requested.

Bankr. N.D.N.Y. R. 9013-1.

Appellant's November 30, 2012 letter does not satisfy the requirements of a motion under Rule 7 of the Federal Rules of Civil Procedure or Local Bankruptcy Rule 9013-1 and, therefore, does not toll the applicable appeal period under Federal Rule of Bankruptcy Procedure 8022, whether construed as either a motion to amend or make additional findings of fact under Rule 7052 or to alter or amend the judgment under Rule 9023. *See, e.g., Feldberg v. Quechee Lakes Corp.*, 463 F.3d 195, 197 (2d Cir. 2006) (holding that the appellants' motion, "which failed to give any indication of the grounds on which it was based, did not comply with Rul 7(b)(1) and, therefore, did not toll the time to appeal . . ."). Although Appellants' letter satisfies the writing

requirement of Rule 7, it fails to state with any particularity the grounds for seeking the opportunity to submit an amended order, and contrary to Appellants' contentions, the letter does not "fall squarely within the parameters of a motion to amend or alter a judgment in an adversary proceeding." *See* Dkt. No. 28; *see also* Dkt. No. 5 at 2-3.

Appellant's letter also fails to satisfy the stricter motion requirements set forth in Local Bankruptcy Rule 9013-1. Although indicating the case number in the letter heading, the letter fails to indicate the date, time or location of the hearing at issue and does not state the statutory basis for the relief sought. *See* Dkt. No. 28. Moreover, nowhere in Appellants' letter is there any mention or reference to Federal Rules of Bankruptcy Procedure 8022 or 7052 as the basis for the "motion." *See id.*

## III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Appellants' appeal is **DISMISSED** as untimely; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment and close this case.

**IT IS SO ORDERED.**

Dated: April 30, 2013
Albany, New York

Mae A. D'Agostino
U.S. District Judge